**YING HONG ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76410.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2007.

Filed June 18, 2007.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Hi–District Counsel, Office of the District Counsel, Department of Homeland Security, Thomas J. Brady, Esq., Office of the U.S. Attorney, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Ying Hong Zhou applied for asylum on the basis that because she had given birth to three children while living on the Northern Mariana Islands, she would be forcibly sterilized if required to return to China. The Immigration Judge ("IJ") denied her asylum claim, finding she failed to demonstrate an objectively well-founded fear of future persecution, and the Board of Immigration Appeals affirmed the IJ in a streamlined opinion. Because substantial evidence supports the IJ's determinations we deny Zhou's petition for review.

■ At the removal hearing Zhou testified that she knew of several individuals in her home village, a neighbor and two family members, who were forcibly sterilized after violating China's one-child policy. She stated that she feared the same treatment if she returned to China with her three children born in the Northern Mariana Islands. The IJ credited this testimony and found that Zhou had a subjective fear of persecution. Nonetheless, the IJ determined that Zhou had not demonstrated the fear was objectively reasonable, as the record contained no information on China's treatment of women, like Zhou, who give birth overseas.

■ The record did contain several reports authored by the State Department indicating forced sterilization is now quite uncommon in China, although·it occasionally occurs. Zhou's testimony about forced sterilizations specifically in her home village is not rebutted by the State Department's reports about the *general* rarity of such practices. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180 n. 5 (9th Cir.2007) (en banc).

Zhou presented no evidence, however, on how family planning officials—either nationwide or in her locality—treat overseas births. The State Department reports in the record detail that women who give birth to more than one child in the United States are sometimes given no more than modest fines under the one-child policy when returning to China. The IJ could rely on the State Department reports in this regard as Zhou presented no contrary evidence. *See generally In re C—C—*, 23 I & N Dec. 899, 901–03 (BIA 2006) (noting various State Department reports indicate that "American diplomats are unaware of any cases in which returnees from the United States were forced to undergo sterilization upon their return," and accordingly rejecting refugee status for a Chinese citizen who would return to China with American-born children). Given that evidentiary vaccum with respect to children born abroad, we cannot say that "the evidence presented by [the asylum-seeker] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Petition for review DENIED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.